UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-409-GWU

DONNIE MORRIS,                                                      PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                 DEFENDANT.

## INTRODUCTION

Donnie Morris brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits (DIB) and for Supplemental Security Income (SSI).  The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled.  If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to

1

06-409 Morris

Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.   20 C.F.R. Section 404.1529 (1991).   However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. <u>Id</u>. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. <u>E.g., Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

06-409 Morris

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency

6

may be required to consult a vocational specialist.  <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley  v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

### DISCUSSION

The Administrative Law Judge (ALJ) concluded that Morris, a 27 year-old former laborer and carpenter's helper with a high school education, suffered from impairments related to chronic low back pain, being status post hemi-laminectomy and discectomy for a herniated nucleus pulposus at L4-L5, and degenerative disc disease of the lumbar spine.  (Tr. 34, 40).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of sedentary level work.  (Tr. 40).  Based upon application of Rule of 201.27 of the Medical-Vocational Guidelines, the claimant could not be considered totally disabled.  (Tr. 41).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  The ALJ erred in evaluating the medical record.  However, the current record also does not mandate an immediate award of Social Security benefits.  Therefore, the Court must grant the

plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The ALJ determined that Morris was restricted to sedentary level work with non-exertional limitations such as (1) an inability to ever climb ladders, ropes or scaffolds; (2) an inability to more than occasionally perform non-repetitive bending, twisting, stooping, kneeling, crouching, or crawling; (3) a need to avoid exposure to work at heights, around industrial hazards, or concentrated vibration; and (4) an inability to more than occasionally operate foot controls. (Tr. 40). These restrictions were the same as those found in a prior administrative decision which became final on April 11, 2003.[1] (Tr. 275).

The Court notes that every treating and examining source who saw Morris indicated the existence of more severe functional limitations. Dr. David Hays, a treating source, opined in June of 2004 that the plaintiff would be unable to sit for more than 15 minutes at a time or stand for more than 15 minutes at a time, would need unscheduled breaks, would need to periodically elevate his legs with prolonged sitting, and would need to be absent more than four times a month due to his impairments. (Tr. 454-456). These are more severe limitations than those found by the ALJ. The ALJ rejected this opinion as binding because the physician had lost

---

[1]The plaintiff was found disabled in this decision for a closed period ending on September 1, 2002. (Tr. 268-276).

his right to prescribe narcotic medication and the patient was no longer being treated by the physician. (Tr. 36). The doctor cited radicular neck pain and an MRI scan revealing degenerative disc disease in support of his findings. (Tr. 455). Thus, at least some objective medical evidence supports the opinion.

Dr. Brian Banks, a treating physician at the Mountain Comprehensive Health Corporation, opined in January of 2005 that Morris would be unable to maintain gainful employment. (Tr. 481). The ALJ rejected this opinion because it was a finding reserved to the Commissioner, and because of the lack of objective medical evidence in the doctor's treatment notes. (Tr. 37). However, the doctor did cite the results of an October, 2004 MRI scan revealing degenerative changes in the cervical spine as well as post-operative changes in the lumbar spine. (Tr. 481). Thus, at least some objective medical evidence supported the doctor.

Dr. Jason Fleming examined the plaintiff in November of 2003 and reported the existence of "moderate to severe" restrictions with regard to lifting, carrying, standing, walking, sitting, climbing, balancing, stooping, crouching, kneeling, crawling, reaching, handling, feeling, pushing and pulling. (Tr. 426). While several of these limitations would appear compatible with the ALJ's findings, the ALJ made no findings with regard to handling, feeling, and reaching. The ALJ rejected this opinion as binding as well, somewhat curiously by citing the findings of Dr. Hays, the

06-409 Morris

treating physician whose opinion he had also rejected. (Tr. 36). Thus, this opinion also does not support the administrative decision.

The ALJ's findings were consistent with the opinions of Dr. Gary Higgason (Tr. 435-443) and Dr. R. Brown (Tr. 444-453), the non-examining medical reviewers. An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). Furthermore, Social Security Ruling 96-6p suggests that when the examining source is also a treating source then the non-examiner's opinion must be based on a a review of the "complete medical record that includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source." Dr. Higgason saw the record in December of 2003 while Dr. Brown saw it in February of 2004. Neither had the opportunity to see a complete medical record, which included numerous exhibits dated after February of 2004. (Tr. 454-500). In particular, the reviewers had no opportunity to comment upon the opinions of Dr. Hays or Dr. Banks. Furthermore, neither reviewer articulated reasons why their opinions differed from that of Dr. Fleming on the question concerning whether the claimant had limitations with regard to reaching, handling and feeling. Therefore, these opinions were insufficient to

06-409 Morris

offset those of the treating sources and a remand of the action for further consideration is required.

Another problem with the case concerns the lack of vocational testimony. Despite finding the existence of numerous non-exertional restrictions, the ALJ relied upon the Medical-Vocational Guidelines. The record indicates that a Vocational Expert had testified in the hearing associated with the April 11, 2003 administrative decision on an earlier claim by the plaintiff. (Tr. 274). However, this hearing testimony was not included in the current administrative transcript. Reliance upon it would be problematic at best.

The undersigned concludes that the administrative decision must be reversed and the administrative decision remanded to the Commissioner for further consideration. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 6th day of July, 2007.



**Signed By:**

_G. Wix Unthank_

**United States Senior Judge**

11